STATE OF WEST VIRGINIA

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

In Re: A.F., P.F. and J.F.

No. 13-0401 (Logan County 10-JA-21, 10-JA-22 and 10-JA-23)

**MEMORANDUM DECISION**

Petitioner Mother filed this appeal, by counsel Donna Pratt, from an April 9, 2013 order of the Circuit Court of Logan County, which terminated her parental rights to A.F., P.F. and J.F. The guardian ad litem for the children, Mark Hobbs, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Michael Jackson, filed a summary response in support of the circuit court order. On appeal, Petitioner Mother argues that the circuit court erred in denying her an improvement period, denying her visitation, and delaying disposition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2010, the DHHR filed its petition for abuse and neglect and temporary emergency custody of the children. The petition alleged that the children witnessed their father snort J.F.'s medication, and that the father committed severe sexual abuse against P.F. The amended petition alleged additional acts of sexual abuse and that J.F. had informed Petitioner Mother about the situation. The circuit court found that Petitioner Mother knew about the sexual abuse and failed to protect the children. In terminating Petitioner Mother's parental rights, the circuit court found that aggravating circumstances existed and there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected. The circuit court also denied Petitioner Mother any visitation with the children.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

1

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner Mother raises two assignments of error. First, she argues that the circuit court erred in denying her an improvement period because she proved she was willing to participate in any services or counseling offered by the DHHR. Second, Petitioner Mother argues that the circuit court failed to make specific rulings and findings when it denied her visitation throughout the case, and that the circuit court erred in denying her any visitation because she was not adjudicated as a neglectful parent until five months after the initial petition was filed and did not have her parental rights terminated for another fifteen months. The DHHR and the children's guardian ad litem support the circuit court's termination of Petitioner Mother's parental rights.

First, we address Petitioner Mother's argument that the circuit court erred in denying her an improvement period. In order to receive an improvement period, a parent must show that she "is likely to fully participate in the improvement period . . . ." West Virginia Code § 49-6-12(b)(2). West Virginia Code § 49-6-5(a)(7)(A) states that the DHHR is not required to make reasonable efforts toward reunification if the court finds that the parent has subjected the child to aggravated circumstances, including sexual abuse. Finally, this Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). The record shows P.F. was sexually abused and that Petitioner Mother had knowledge of the sexual abuse yet failed to take appropriate measures to protect the children. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. Thus, this Court finds no error in the termination of Petitioner Mother's parental rights without an improvement period.

We also find no error in the circuit court's denial of Petitioner Mother's right to visitation. After terminating parental rights, a circuit court may grant post-termination visitation if it considers that such a relationship is in the children's best interest and if it would not unreasonably interfere with their permanent placement. *See State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 260, 470 S.E.2d 205, 214 (1996). Our review of the record supports the circuit court's decision to deny Petitioner Mother post-termination visitation with her children. The circuit court properly considered the history and circumstances of the case and the best interests of the children.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: October 1, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II